# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAROSLAV FRANK DRASAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>YATES, et. al.,<br><br>　　　　Defendants. | CV F   05-1147 OWW LJO P<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN LODGED DOCUMENTS TO PLAINTIFF<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS COMPLAINT |

　　Jaroslav Frank Drasar ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　This case was filed in the U.S. District Court for the Northern District of California and transferred to this Court on September 9, 2005.  On October 4, 2005, Plaintiff submitted to the Court documents which appeared to be letters to various individuals.  These documents were "lodged" with the Court.  In the upper right hand corner of the documents Plaintiff wrote "Courts Exhibit A -464" and "Courts Exhibit A-470."  It appears that Plaintiff intends these documents to be exhibits to the Complaint.  However, should Plaintiff wish to amend his Complaint, he must submit a new complaint that includes the new exhibits.

　　A plaintiff may amend his complaint once "as a matter of course," and without leave of

Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

In this case, as no responsive pleading has been filed by Defendants, Plaintiff may amend his Complaint without leave of Court. Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original Complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

In examining the documents submitted by Plaintiff, the Court also examined the Court docket and found that Plaintiff's Complaint, transferred in from the Northern District consists of well over one hundred pages, fifty pages are the Complaint and the remaining are exhibits. While the Court did not examine the claims raised in the Complaint as of yet, the Court wishes to advise Plaintiff of the requirements of Rule 8 of the Federal Rules of Civil Procedure since he may file an Amended Complaint.

Rule 8(a) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may

ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.  Plaintiff's pleading should be short (brief) and to the point, containing *only those facts necessary* to state one or more claims against each defendant.  Plaintiff's pleading should not contain legal arguments, citations to legal authority, or unnecessary background information.  The function of the Complaint is to place Defendants on notice as to Plaintiff's claims.  It is not the function of the Complaint to list every single fact relating to Plaintiff's claims and it is not the function of the complaint to include all of the evidence in Plaintiff's possession that he intends to use to support his claims.  Plaintiff must submit a Complaint to the Court that meets the requirements of Rule 8.

   Accordingly, the Court HEREBY ORDERS:

   1.   The Clerk of Court is DIRECTED to return the documents lodged with the Court on October 4, 2005, to Plaintiff;

   2.   The Clerk of Court is also DIRECTED to send Plaintiff a blank civil rights form.

IT IS SO ORDERED.

**Dated:   October 5, 2005**              **/s/ Lawrence J. O'Neill**
b9ed48                                    UNITED STATES MAGISTRATE JUDGE